FILED'06 MAY 26 12:35USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

ALVIN H. CANELL,

       Petitioner,

   v.

BRIAN BELLEQUE,

       Respondent.

Civil No. 04-305-BR

OPINION AND ORDER

**LISA HAY**
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97204

     Attorney for Petitioner

**HARDY MYERS**
Attorney General
**LESTER R. HUNTSINGER**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

     Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

**PROCEDURAL BACKGROUND**

On June 9, 1998, Petitioner pleaded no contest in Multnomah County Circuit Court to one count of Burglary in the First Degree pursuant to a stipulated plea agreement. The agreement provided for a 40-month upward departure sentence, to be followed by a consecutive 40-month sentence in a second Burglary in the First Degree case. In return for the no-contest plea, the state agreed not to seek charges in connection with two other, uncharged burglaries in which Petitioner was the primary suspect. Petitioner filed a direct appeal, but then voluntarily dismissed the appeal.

Petitioner filed a petition for state post-conviction relief ("PCR"). After an evidentiary hearing, the state PCR trial judge denied relief. Although the trial judge granted Petitioner's motion for reconsideration and accepted additional evidence, the state court again denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon

Supreme Court denied review. *Canell v. Palmateer*, 189 Or. App. 87, 74 P.3d 113, *rev. denied*, 336 Or. 126, 81 P.3d 709 (2003).

On February 26, 2004, Petitioner filed his Petition for Writ of Habeas Corpus relief in this court. Petitioner alleges five grounds for relief:

**Ground One:** Ineffective assistance of counsel due to a conflict of interest with trial counsel;

**Ground Two:** Ineffective assistance of counsel because trial counsel allowed Petitioner to plead no contest without adequately investigating the case;

**Ground Three:** Ineffective assistance of counsel because trial counsel failed to adequately investigate and prepare for trial;

**Ground Four:** Prosecutorial misconduct because the prosecutor discussed the plea agreement with Petitioner without Petitioner's attorney present; and

**Ground Five:** Due process violation based upon the post-conviction attorney's failure to timely file supplemental affidavits with the court.

Petitioner concedes he procedurally defaulted the claim alleged in Ground Four, and that he did not allege a constitutional violation upon which habeas corpus relief may be granted in Ground Five. In his Memorandum in Support of Petition for Habeas Corpus, Petitioner combines for argument the ineffective assistance claims alleged in Grounds One, Two, and Three. He focuses primarily upon the conflict of interest issue, and argues the other two issues resulted from counsel's conflict.

Respondent argues this Court should defer to the state PCR trial judge's decision finding no ineffective assistance of counsel.

## LEGAL STANDARDS

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established Federal law" if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000). An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case or unreasonably

refuses to extend the governing legal principle. *Williams*, 529 U.S. at 412; *Ramdass*, 530 U.S. at 166.

Clearly established federal law as determined by the Supreme Court "refers to the holdings, as opposed to the dicta of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citation omitted), *cert. denied*, 126 S. Ct. 484 (2005). "Circuit court precedent "is relevant only to the extent that it clarifies what constitutes clearly established law." *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) (citations omitted), *cert. denied*, 2006 WL 721847 (May 22, 2006).

## DISCUSSION

In 1998, authorities in both Washington and Multnomah Counties charged Petitioner with several burglaries. At the time of the charges, attorney William Savage represented Petitioner in two civil actions. In connection with this representation, Attorney Savage loaned Petitioner $700 for bail money on one of the Multnomah County burglary charges. According to Petitioner, he needed the loan because Savage settled one of the civil actions for too little money and, as a consequence, Petitioner could not afford bail. The loan created animosity between Petitioner and Savage. Petitioner subsequently fired Savage from the second civil case, and never repaid the loan.

The trial court appointed attorney Chris Larsen, a law partner with William Savage, to represent Petitioner on the Burglary charge at issue here.[1]  Petitioner contends he informed Larsen of a potential conflict based on his strained relations with Savage, but that Larsen did not take the information seriously.  Plaintiff believed, however, that Larsen did not zealously represent him, did not like him, and did not want to "help him hit the streets again."  Respondent's Exhibit 110, p. 43.

Petitioner argues he felt coerced to accept the state's plea offer because, as a direct result of his conflict of interest, attorney Larsen did not provide zealous representation.  In particular, Petitioner argues he did not have an opportunity to make an informed choice regarding his plea because Larsen failed to obtain copies of police reports for the two uncharged robberies and advised him he would receive 380 months in prison if he went trial.

Ordinarily, habeas petitioners alleging ineffective assistance of counsel must show constitutionally deficient representation and resulting prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A habeas petitioner who pleads guilty

---

[1]Another attorney, Lynn Dickison, was appointed to represent Petitioner in the other Multnomah County Burglary case included in the stipulated plea agreement.

upon the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1976); *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

The Sixth Amendment guarantee of effective assistance of counsel includes the right to representation free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271-72 (1981). To prove an ineffectiveness claim premised on an alleged conflict of interest, a petitioner must "establish that an actual conflict of interest adversely affected his lawyer's performance." In other words, a petitioner must demonstrate that his attorney made a choice between possible alternative courses of action that impermissibly favored an interest in competition with those of the client. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).

In conflict situations involving multiple concurrent representation of interested parties, the petitioner need not show the conflict of interest resulted in actual prejudice to the petitioner's defense, as prejudice is presumed. *Sullivan*, 446 U.S. at 348, 349-50. The *Sullivan* presumption of prejudice does not, however, extend to conflicts based on ethical duties.

*Mickens v. Taylor*, 535 U.S. 162, 174-75 (2002).  Moreover, to the extent an alleged conflict of interest is based upon financial considerations, courts generally presume that counsel will subordinate financial interests and represent their clients responsibly.  *Caderno v. United States*, 256 F.3d 1213, 1218 (11th Cir. 2001) (citations omitted), *cert. denied*, 534 U.S. 1167 (2002).

Petitioner here asks the Court to presume prejudice based on the alleged conflict of interest involving a debt owed to his appointed attorney's law partner.  As noted, such a presumption is inappropriate under clearly established federal law.  *See Micken*, 535 U.S. at 166; *Earp*, 431 F.3d at 1185.  Moreover, Petitioner does not cite to any specific instances in the record to demonstrate that an actual conflict adversely affected Attorney Larsen's performance, or that Larsen's performance in any way prejudiced Petitioner's decision to plead no contest.

The PCR trial judge considered and rejected this claim, and issued the following pertinent Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

\* \* \*

2.   Petitioner claims that his defense attorney, Chris
Larsen, was ineffective in 33 different ways because he
did not create a defense for petitioner.  Mr. Larsen's
affidavit establishes that he did everything reasonably
possible to investigate the charges against petitioner

and present him with full and accurate advice as to his
options. *See* Affidavit of Chris Larsen.

3.    Petitioner's 33 grounds of complaint against Mr.
Larsen and his 20 grounds of complaint against the
prosecutor and Judge Moultrie can be summarized as
claiming that defense counsel, the court, and the
prosecutor did not help petitioner further his after-
the-fact story that he had not really stolen the
property, after all.

                          *  *  *

5.    The Court finds that petitioner failed to
demonstrate that attorney Chris Larsen committed
professional errors. Further, petitioner failed to show
that, but for such errors, petitioner "would not have
pleaded guilty and would have insisted on going to
trial." [Citation omitted.]

6.    The Court finds that petitioner pled no contest
because by doing so he got a 40-month sentence and
avoided a possible sentence of 380 months.    As
petitioner acknowledged in his deposition and as his
defense counsel note in their affidavits, Judge Moultrie
was troubled by petitioner's long history of burglary
convictions and would very likely have imposed the
maximum possible sentence had petitioner been convicted
following a jury trial.   The Court further finds that
petitioner made a knowing and voluntary decision to
plead no contest to avoid the possibility of essentially
"life" sentences had petitioner gone to trial and been
convicted by a jury.

                          *  *  *

### CONCLUSIONS OF LAW

1.    Based on the findings of fact set forth above, in
the underlying criminal proceedings resulting in
petitioner's conviction, petitioner was not denied the
right to assistance of counsel, as guaranteed by either
the United States Constitution and as articulated by the
United States Supreme Court in *Strickland* ..., or the
Constitution of the State of Oregon.

                          *  *  *

9 - OPINION AND ORDER -

Resp. Exh. 12, pp. 8-11.

The PCR judge's conclusion that Petitioner was not denied effective assistance of counsel was neither contrary to nor an unreasonable application of clearly established federal law. Accordingly, this decision is entitled to deference under 28 U.S.C. § 2254(d), and Petitioner is not entitled to habeas corpus relief in this Court.

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS SO ORDERED.
DATED this $\frac{26^{th}}{}$ day of May, 2006.

ANNA J. BROWN
United States District Judge